**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

FREDRICK NORRIS PLAINTIFF
ADC #095167

V. NO: 2:12CV00041 KGB/HDY

LARRY MAY *et al.* DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Fredrick Norris, an Arkansas Department of Correction ("ADC") inmate who is currently incarcerated at the ADC's Pine Bluff Unit, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983 docket entry #2), on March 13, 2012. Defendants are ADC Assistant Director Larry May, and Warden Danny Burl, Deputy Warden Todd Ball, Maintenance Supervisor Ricky Thorne, and Sgt. Harrison Foreman, all of the ADC's East Arkansas Regional Unit ("EARU").

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on April 29, 2013, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1.      In the summer of 2011, Plaintiff was housed at the EARU. After Plaintiff was found guilty of two disciplinary violations, he was placed into a punitive isolation cell. Plaintiff remained in punitive isolation from June 26, 2011, to August 30, 2011. While in punitive isolation, inmates are not required to work and they have access to water in their cells as well as to regular "shower call" in an area outside their cells.[1]

2.      The EARU's isolation unit is not air conditioned, and relies on fans to circulate air. During Plaintiff's stay there, temperatures regularly were in the 80s, and reached a high of 92 degrees on one occasion. (Plaintiff's Exhibit #3) Plaintiff asserts that the conditions of his cell were unconstitutional.

3.      To prevail on a condition of confinement claim, inmates must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

4.      Nothing in the facts Plaintiff introduced describes conditions that deprived him of the minimal civilized measure of life's necessities, or subjected him to a substantial risk of serious harm. Although Plaintiff's cell may have been at times uncomfortable, the constitution does not

---

[1] Plaintiff was critical of the quality of water in his cell and said he usually awaited the receipt of water with his meals rather than drink water in the cells.

mandate comfortable prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). There is no medical evidence suggesting Plaintiff experienced more than physical discomfort as a result of the temperature in his cell.

5.      At the hearing, Plaintiff referenced two cases from other circuits, both of which were unpersuasive. The first, *Gates v. Cook*, 376 F.3d 323 (5th Cir. 2004) (Plaintiff's Exhibit #8), concerned an injunction requiring fan, ice water, and daily showers be provided to inmates housed on death row in non air conditioned cells when the heat index reached 90 degrees or above. Key to the injunction was the possible danger inmates housed there faced, in particular inmates with certain medical conditions. Here, Plaintiff is no longer housed at the EARU punitive unit, and any claim for injunctive relief is moot. The second, *Henderson v. DeRobertis*, 940 F.2d 1055 (7th Cir. 1991) (Plaintiff's Exhibit #9) concerned freezing temperatures during a four day period when heating units malfunctioned in an Illinois prison. The outside air temperature fell to 22 degrees below zero, and temperatures inside the cells were below freezing, and at least some inmates were not provided with winter clothing or extra blankets. Although the Court concluded that "constitutional rights don't come and go with the weather" *Henderson* provides no guidance in this case involving high temperatures. In contrast, in this district, in a lawsuit much like Plaintiff's, similar temperatures in an ADC isolation area without air conditioning were found to be constitutional. *See Calvin v. May*, ED/AR 1:09CV00006.

6.      Plaintiff also asserted that ADC Director Ray Hobbs, who is not a Defendant, violated a Governor's order. This claim is based on an administrative directive establishing temperature guidelines for inmate living quarters, and acknowledging that some areas of prisons are not air conditioned. The administrative directive states that it is being enacted pursuant to a

Governor's directive to establish prison air temperature guidelines. Plaintiff provided a copy of the administrative directive as his exhibit #1, although the actual Governor's directive was not provided. However, violation of a governor's directive is not a constitutional violation.

7. To the extent that Plaintiff is attempting to pursue an equal protection claim with his assertion that inmates housed in the non punitive areas of the prison are afforded more comfortable air temperatures, the Court notes that Plaintiff was not similarly situated to other inmates because of his punitive status. Thus, Plaintiff's equal protection rights were not violated. *See Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir.1998) (en banc) ("[t]he heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest.") Accordingly, Plaintiff's complaint should be dismissed for failure to introduce sufficient evident to create a fact issue to be submitted to a jury.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __30__ day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE